IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRANSPORT FINANCIAL SERVICES, LLC, a Florida corporation, | 3:16-CV-01506-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| ETL, INC., a Washington corporation, | |
| Defendant. | |

**JOHN P. MANNING**
8196 S.W. Hall Boulevard
Suite 203
Beaverton, OR 97008
(503) 520-9130

    Attorney for Plaintiff

**KEVIN M. ANDERSON**
**ANDREW I. SCHLEGEL**
Anderson and Yamada, PC
9755 S.W. Barnes Road
Suite 675
Portland, OR 97225
(503) 227-4586

    Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#15) for Summary Judgment and Defendant's Cross-Motion (#21) for Summary Judgment. For the reasons that follow, the Court **DENIES** Plaintiff's Motion and **GRANTS** Defendant's Motion.

## BACKGROUND

The following facts are taken from the Statement of Agreed Facts and the parties' filings related to their Motions for Summary Judgment.

Plaintiff Transport Financial Services (TFS) is a limited liability company that is authorized by the Federal Motor Carrier Safety Administration (FMCSA) to issue and to file Form BMC-85, which is a transportation broker's or freight forwarder's trust fund agreement, pursuant to 49 U.S.C. § 13906(a).[1]

During the relevant period Rail Logistics, LLC,[2] was a transportation broker licensed and registered by the FMCSA pursuant to 49 U.S.C. § 13904. A transportation broker is "a

---

[1] 49 U.S.C. § 13906(a) provides in relevant part: "The Secretary may register a motor carrier under section 13902 only if the registrant files with the Secretary a bond, insurance policy, or other type of security approved by the Secretary . . . sufficient to pay . . . for each final judgment against the registrant for bodily injury to, or death of, an individual resulting from the negligent operation, maintenance, or use of motor vehicles, or for loss or damage to property . . . or both."

[2] Rail Logistics is not a party to this action.

person who, for compensation, arranges, or offers to arrange, the transportation of property by an authorized motor carrier." 49 C.F.R. § 371.2.

Defendant ETL, Inc., is an interstate motor carrier defined as being in "the business of transporting, for compensation, the goods or property of another." 49 C.F.R. § 387.5. Defendant is registered with the FMCSA pursuant to 49 U.S.C. § 13902(a), which provides the Secretary of Transportation "shall register a person to provide transportation . . . as a motor carrier using self-propelled vehicles the motor carrier owns, rents, or leases" when certain conditions are satisfied.

On October 1, 2013, Plaintiff issued a Form BMC-85 to Rail Logistics in the amount of $75,000.

On October 28, 2013, Rail Logistics and Defendant entered into a Broker-Carrier Agreement under which Defendant "was to be paid for its carrier services by Rail Logistics." Statement of Agreed Facts at ¶ 5. Defendant "performed motor carrier transportation services under the Broker-Carrier Agreement." Statement of Agreed Facts at ¶ 6. Plaintiff alleges Rail Logistics was paid by "the responsible account debtor for each of the shipments involved." Compl. at ¶ 11.

At some point in 2014 Rail Logistics "ceased doing it [sic] brokerage business." Statement of Agreed Facts at ¶ 7. Defendant demanded Rail Logistics "pay its claims for it [sic]

services provided to Rail Logistics.  Rail Logistics refused to do so."  Statement of Agreed Facts at ¶ 7.

At some point after Rail Logistics's refusal to pay Defendant, Defendant submitted its claims to Plaintiff pursuant to the Form BMC-85 Trust Agreement for payments that Rail Logistics owed Defendant.

Plaintiff paid a portion of Defendant's claim in the amount of $22,295.

On July 26, 2016, Plaintiff filed a Complaint for Declaratory Judgment in this Court in which it alleges it "mistakenly paid [Defendant's] claims under the Form BMC-85 . . . in the amount of $22,295, [because] the . . . shipments made by [Defendant] were exempt from coverage under the BMC-85 trust fund agreement [by the terms of] 49 CRF [sic] 1090.2 captioned 'Exemption of rail and highway TOFC/COFC service.'"[3]  Compl. at ¶ 16.  Plaintiff seeks a declaration from that Court that it "was not required to pay [Defendant's] claims inasmuch as the underlying movements were exempt from coverage under [the Form BMC-85] and, further, requiring [Defendant] to refund all amounts paid on such claims to [Plaintiff]."  Compl. at ¶ 17.

On April 28, 2017, Plaintiff filed a Motion for Summary

---

[3] TOFC/COFC is a form of mixed train and truck transportation that enables a carrier to transport a trailer and its contents by rail on a flatcar and then to haul the trailer on the highway.

4 - OPINION AND ORDER

Judgment seeking a judgment in its favor. On May 19, 2017, Defendant filed a Cross-Motion for Summary Judgment seeking a judgment in its favor.

On September 1, 2017, Plaintiff filed a Supplemental Brief. On September 15, 2017, Defendant filed a Supplemental Response. The Court took the parties' Motions under advisement on September 15, 2017.

## **STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id*. "This burden is not a light one . . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

**DISCUSSION**

As noted, Plaintiff seeks a declaration that it was not required to pay Defendant's claims because Defendant's freight movements were exempt from coverage under the Form BMC-85 pursuant 49 C.F.R. § 1090.2. Defendant asserts genuine disputes of material fact exist as to whether the shipments underlying the litigation satisfy the definition of TOFC/COFC as set out in 49 C.F.R. § 1090.1. Even if the shipments satisfied that definition, Defendant asserts it is entitled to summary judgment because Plaintiff has not established Defendant satisfied the requirements of 49 C.F.R. § 1090.3 necessary for a motor carrier to use TOFC/COFC service, and, therefore, Defendant's freight movements were not exempt from coverage under the Form BMC-85 pursuant 49 C.F.R. § 1090.2.

As noted, a transportation broker is "a person who, for compensation, arranges, or offers to arrange, the transportation of property by an authorized motor carrier." 49 C.F.R. § 371.2. Plaintiff asserts motor carriers only act as authorized motor carriers when they engage in interstate commerce through movements not subject to any exemption from federal economic regulation. In addition, BMC-85 Trustees such as Plaintiff are prohibited from directing or paying BMC-85 funds for claims arising from movements that are exempted from federal economic regulation. Plaintiff asserts Defendant was not acting as an

7 - OPINION AND ORDER

authorized motor carrier when it made the shipments for which it made claims to Plaintiff because those movements were exempt from federal economic regulation by 49 C.F.R. § 1090.2. According to Plaintiff, therefore, it was prohibited from paying funds to Defendant pursuant to the Form BMC-85, and it did so in error.

As noted, TOFC/COFC is a form of mixed train and truck transportation that enables a carrier to transport a trailer and its contents by rail on a flatcar and then to haul the trailer on the highway. 49 C.F.R. § 1090.1 provides:

> (a) Rail trailer-on-flatcar/container-on-flatcar (TOFC/COFC) service means the transportation by rail, in interstate or foreign commerce, of—
>
> > (1) Any freight-laden highway truck, trailer, or semitrailer,
> >
> > (2) The freight-laden container portion of any highway truck, trailer, or semitrailer having a demountable chassis,
> >
> > (3) Any freight-laden multimodal vehicle designed to operate both as a highway truck, trailer, or semitrailer and as a rail car,
> >
> > (4) Any freight-laden intermodal container comparable in dimensions to a highway truck, trailer, or semitrailer and designed to be transported by more than one mode of transportation, or
> >
> > (5) Any of the foregoing types of equipment when empty and being transported incidental to its previous or subsequent use in TOFC/COFC service.
>
> (b) Highway TOFC/COFC service means the highway transportation, in interstate or foreign commerce, of any of the types of equipment listed in paragraph (a) of this section as part of a

> continuous intermodal movement that includes rail TOFC/COFC service, and during which the trailer or container is not unloaded.

Plaintiff relies on 49 C.F.R. § 1090.2 to establish that the movements underlying this action were exempted from federal economic regulation and that Plaintiff, therefore, was prohibited from paying funds to Defendant pursuant to the Form BMC-85. The exemption provides:

> [R]ail TOFC/COFC service and highway TOFC/COFC service provided by a rail carrier either itself or jointly with a motor carrier as part of a continuous intermodal freight movement is exempt from the requirements of 49 U.S.C. subtitle IV, regardless of the type, affiliation, or ownership of the carrier performing the highway portion of the service.

49 C.F.R. § 1090.2.

Defendant does not dispute § 1090.2 provides an exemption to federal economic regulation for TOFC/COFC rail and highway service. Defendant, however, asserts it is entitled to summary judgment because Plaintiff has not established Defendant met the conditions and requirements provided under 49 C.F.R. § 1090.3 for Defendant to use TOFC/COFC service, and, therefore, the exemption from paying funds set out in § 1090.2 does not apply to Defendant. Thus, Defendant contends as a matter of law that the payments Plaintiff made to Defendant were not erroneous. Specifically, 49 C.F.R. § 1090.3 sets out the conditions and requirements for a motor carrier such as Defendant to use TOFC/COFC service as follows:

9 - OPINION AND ORDER

>   (a) Except as otherwise prohibited by these rules, motor and water common and contract carriers may use rail TOFC/COFC service in the performance of all or any portion of their authorized service.
>
>   (b) Motor and water common carriers may use rail TOFC/COFC service *only if* their tariff publications give notice that such service may be used at their option, but that the right is reserved to the user of their services to direct that in any particular instance TOFC/COFC service not be used.
>
>   (c) Motor and water contract carriers may use rail TOFC/COFC service *only if* their transportation contracts and tariffs (for water carriers) make appropriate provisions therefor.
>
>   (d) Tariffs of motor and water common or water contract carriers providing for the use of rail TOFC/COFC service *shall* set forth the points between which TOFC/COFC service may be used.

Emphasis added.

Defendant notes it is undisputed that it entered into a Broker-Carrier Agreement with Rail Logistics and that all of the transportation services provided by Defendant for Rail Logistics were performed pursuant to that Agreement. Statement of Agreed Facts at ¶ 5-6. Defendant points out that the Broker-Carrier Agreement does not contain any provision or notice as to the use of TOFC/COFC service nor does the Agreement even contain the term TOFC/COFC or any indication that TOFC/COFC service is contemplated. According to Defendant, therefore, the Broker-Carrier Agreement does not meet the requirements of § 1090.3(c) or (d). In any event, Eddie Garcia, owner and "governor" of Defendant, states in his Declaration that "[a]t all relevant and

10 - OPINION AND ORDER

material times, [Defendant] did not have a tariff. [Defendant] did not . . . have any tariff, rules, or terms that set forth the points between which TOFC/COFC service may be used." Decl. of Eddie Garcia at ¶ 3. Thus, Defendant maintains the freight movements at issue did not satisfy the requirements of § 1090.3(b) and (d) and, therefore, the exemption from paying funds set out in § 1090.2 does not apply and Plaintiff's payments were not erroneous.

In its Response to Defendant's Cross-Motion Plaintiff asserts the Court should consider the bills of lading, which, according to Plaintiff, are "basic transportation contract[s]" rather than relying solely on Defendant's Broker-Carrier Agreement with Rail Logistics to ascertain whether the requirements of § 1090.3 were satisfied. Plaintiff attaches two such bills of lading in which the transportation is listed as "PIG." According to Plaintiff, PIG means service via rail and is equivalent to stating service by TOFC. *See, e.g., I.C.C. v. Texas*, 479 U.S. 450, 451 (1987)("Trailer-on-flatcar (TOFC or 'piggyback') service [is] a form of mixed train and truck transportation, [and] enables a carrier to transport a trailer and its contents over rail on a flatcar and then to haul the trailer on the highway."). Plaintiff, therefore, asserts the bills of lading accompanying the shipments at issue satisfy the requirements of § 1090.3.

11 - OPINION AND ORDER

Defendant, however, points out that § 1090.3 specifically provides the appropriate provisions to use TOFC/COFC service must be set out in a "transportation contract." According to Defendant, bills of lading are distinct from transportation contracts under Title 49. Specifically, 49 U.S.C. § 14101(b) provides: "A carrier providing transportation or service . . . may enter into a contract with a shipper . . . to provide specified services under specified rates and conditions." Bills of lading, however, are governed by the Federal Bill of Lading Act, which applies "to a bill of lading when the bill is issued by a common carrier for the transportation of goods." 49 U.S.C. § 80102.

Even if bills of lading constitute transportation contracts under the circumstances of this case (*i.e.*, Defendant and Rail Logistics entered into an actual Broker-Carrier Agreement), Defendant asserts the mere use of the term "PIG" in the bills of lading does not satisfy the requirements of § 1090.3. For example, the bills of lading do not give notice that TOFC/COFC service may be used at Defendant's option, "but that the right is reserved to the user of their services to direct that in any particular instance TOFC/COFC service not be used." Similarly, the bills of lading do not specify the "appropriate provisions" for use of TOFC/COFC nor do they "set forth the points between which TOFC/COFC service may be used."

12 - OPINION AND ORDER

On this record the Court concludes Plaintiff has not established as a matter of undisputed fact that either the Broker-Carrier Agreement entered into by Defendant and Rail Logistics or the bills of lading satisfied the requirements of 49 C.F.R. § 1090.3.

In its Supplemental Brief Plaintiff asserts the legislative history of the regulations related to § 1090.3 show a relaxation of the regulations to the extent that "[t]he I.C.C. found no evidence that continued regulation was necessary to protect shippers." Plaintiff, however, does not cite any case in which a court has concluded the requirements of § 1090.3 are no longer in effect. The Court cannot simply ignore § 1090.3 or disregard its clear meaning. The Court, therefore, concludes Plaintiff has not established the shipments at issue were subject to the exemption set out in § 1090.2. Defendant, in turn, has established the shipments did not meet the requirements of § 1090.3 and, as a result, the exemption in § 1090.2 does not apply and the payments made to Defendant by Plaintiff pursuant to the Form BMC-85 were not in error.

Accordingly, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Cross-Motion for Summary Judgment.

13 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#15) for Summary Judgment and **GRANTS** Defendant's Cross-Motion (#21) for Summary Judgment.

IT IS SO ORDERED.

DATED this 18th day of September, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge